## GENERAL DISCOUNT CORPORATION v. STATE ASSUR. CO., Limited.
### No. 9925.

Circuit Court of Appeals, Fifth Circuit.
June 27, 1942.

Martin Sack, of Jacksonville, Fla., for appellant.

Cyril C. Copp, of Jacksonville, Fla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

General Discount Corporation filed suit against State Assurance Company, Limited, claiming to be entitled to refund of unearned premiums on certain automobile casualty insurance certificates which had been cancelled by the latter company. On motion of the defendant, the court entered judgment dismissing the complaint as finally amended, and General Discount Corporation has appealed.

The issues are fully and clearly presented by the pleadings and accompanying exhibits. Sims Investment Corporation was engaged at Jacksonville, Florida, in purchasing conditional sales contracts from dealers in automobiles and other personal property; the said finance company paying the seller the face amount of the contracts less charges for financing and insurance premiums, which charges had been included in the purchase contracts and accompanying notes in amounts "necessary to pay premiums (and finance charges) on insurance against loss by fire, theft, and accidental upset or collision." By contract of September 16, 1939, Sims agreed to sell, and General Discount Corporation agreed to buy certain of the conditional sales contracts which Sims purchased from dealers. It was agreed that the Discount Corporation would pay Sims seventy-five per cent of the "net face value" of each contract so assigned, and would hold the remaining amount in trust pending final settlement of accounts. Thereafter, from time to time, by assignment of the contracts and indorsement of the notes, Sims Investment Corporation transferred numerous conditional sales contracts to General Discount Corporation.

In addition to its finance business Sims Investment Corporation was agent for State Assurance Company, Limited, and was authorized to issue policies or certificates of automobile casualty insurance and collect the premiums therefor. As agent for the Assurance Company, Sims Investment Corporation, under a master policy issued to it, issued individual certificates of insurance to purchasers named in conditional sales contracts purchased from dealers. The recited premiums for the individual certificates were "the amounts theretofore included, with finance charges, in the conditional sales contracts hereinbefore mentioned". Each certificate referred to the terms and conditions of the master policy. Settlement for premiums on the master policy and individual certificates was to be made each month. No premiums were actually prepaid to the insurer, State Assurance Company, Limited.

Acting pursuant to the cancellation provisions of the master policy, State Assurance Company on September 30 and October 3, 1940, mailed notices of cancellation to certificate holders, "but failed and refused and has continuously since failed and refused to pay to any certificate holder or to plaintiff (General Discount Corporation) or any other person entitled thereto the return premiums due under said certificates for the pro rata portion of the unexpired terms of said certificates." Plaintiff further alleged that to protect the contract rights and privileges of the parties, and to have the properties described in the contracts covered by insurance, "and to prevent threatened defaults in payment under said contracts by said purchasers insistent on their agreed insurance protection", and to protect its own interests, it was compelled to secure other insurance coverage for which it paid the necessary premium charges. In conclusion the plaintiff charged that it was subrogated to the rights of each of the certificate holders and was entitled to obtain from the defendant payment of "unearned premiums * * * aggregating $6,506.93", or, alternatively, that it was entitled to receive payment of said aggregate sum of "return premiums for and on behalf of the individual certificate holders." In the complaint, as amended, it was further alleged that when General Discount Corporation paid Sims Investment Corporation seventy-five per cent of the net face value of the assigned contracts, Sims, as agent of State Assurance Company, thereby and on behalf of the Assurance Company received the "full amount of premiums due".

The master policy issued by State Assurance Company, Limited, provided that the policy and certificates might be cancelled upon the giving of five days' written notice by the Company, and that upon such cancellation the *excess of paid premiums* would be refunded. Certain it is that if advance premiums had been paid to the Company or for it to its agent, such portion as was unearned at the date of cancellation would have to be returned, but the Company was under no obligation to refund as unearned premiums amounts which had never been received by it, or in its behalf by its authorized agent. Insurance, 29 Am.Jur. § 290, p. 268. The certificate holders received protection under the policy until it was duly cancelled by the Company. No premiums were paid by them, or on their behalf, beyond the date of the cancellation. The Company had received no advance paid premiums, and hence there was nothing to be returned to the certificate holder when the insurance was cancelled.

The proposition involved was well expressed by the trial judge in a memorandum filed with the first order of dismissal: "True, these premiums were included in the purchase money notes executed by the purchasers, and were distributed pro rata through the period covered by the notes. These notes were accepted as payment by the insurer, through its representative, so that the policies no doubt became effective against 'loss' claims. But in this suit to recover unearned premiums for the period after cancellation, a materially different question is presented. As the insured purchaser had not actually paid these premiums, but had only promised to pay them, they cannot recover something they never paid. There can be no recovery of such sums in the absence of a showing that the policy holder had paid the notes which included them, or were still obligated to pay them to defendant or to a third party indorsee of the notes. Hanover Fire Ins. Co. v. Wood, 209 Ala. 380, 96 So. 250, headnote 9; 32 C.J., Insurance, § 440; 14 R.C.L., Insurance, Sec. 190. See, also, cases cited in 127 A.L.R. 1342. Here, per contra, it appears that the plaintiff, itself, as indorsee of the notes, continued to collect them after defendant canceled its policies, and thus the plaintiff itself received the payment for insurance coverage after that time."

The deferred payments of the purchasers included portions of the premiums necessary to maintain effective insurance on the property covered by their purchase contracts. Upon cancellation of the certificates by State Assurance Company, the installment purchasers had not paid any unearned advance premiums, and were entitled to no pro rata refunds or *excess of paid premiums*. Appellant, General Discount Corporation, is in no better position. It purchased the conditional sales agreements from Sims Investment Corporation with full knowledge of the terms and conditions of the several contracts. In paying Sims seventy-five per cent of the "net face value" of the contracts, it was dealing with Sims as a finance company, and not in its capacity as agent for State Assurance Company. Furthermore, the assignment contract warranty that "each account has been fully protected against loss or destruction with fully paid insurance", was the individual warranty of Sims Investment Corporation, and breach of this warranty by Sims did not cast liability upon State Assurance Company which was in no wise a party to the contract, and which has been guilty of no conduct which would operate to estop it from asserting the fact that it had not been paid advance premiums.

The dismissal of the complaint as finally amended, and entry of judgment for the defendant was proper. The judgment is affirmed.